UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARLON ONAN RAMIREZ-
BAMACA,

        Petitioner,

        v.

DAVID HARDIN, JUAN
AGUDELO, TODD LYONS, KRISTI
NOEM, PAMELA BONDI,

        Respondents,

        Case No. 2:26-cv-701-KCD-NPM

/

## ORDER

Petitioner Marlon Onan Ramirez-Bamaca has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* at 14-17.) He also maintains that, because he was admitted as an unaccompanied minor, he is "class exempt from mandatory detention." (*Id.* at 14.) Respondents oppose the petition. (Doc. 5.)

The Government is detaining "Ramirez-Bamaca under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A)." (Doc. 5 at 4.) But under the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Eleventh Circuit's most recent decision, *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at \*1 (11th Cir. May 6, 2026), aliens who are stopped at the border and released into the country fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026). The reasoning from *Garcia* applies equally here. So the "[f]ederal regulations provide that [Ramirez-Bamaca] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Ramirez-Bamaca requests his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Ramirez-Bamaca is currently alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Ramirez-Bamaca with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Ramirez-Bamaca also seeks relief under the Fifth Amendment, or any other legal authority, such claims are not addressed

2

"given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Ramirez-Bamaca with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Ramirez-Bamaca with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 19, 2026.

Kyle C. Dudek
United States District Judge

3